UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-23744-MC-MORENO

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

vs.

STEPHEN B. PENCE,

        Defendant.
_____/

## ORDER DENYING MOTION TO QUASH SUBPOENA OR FOR THE ENTRY OF A PROTECTIVE ORDER

### I. Introduction

The Securities and Exchange Commission commenced this action against Stephen Pence for his allegedly fraudulent conduct in connection with two entities: PSQ, LLC and General Employment Enterprises. Pence has asserted the "advice of counsel" defense, contending that he followed the instructions provided by his attorneys: Gregory Bartko and Michael Andrew Stegawski. The SEC and Pence therefore seek to depose Stegawski. But Stegawski has no interest in being deposed, and asks this Court to quash the Rule 45 subpoena compelling his deposition. He contends that his testimony would provide limited—if any—value and would result in the unauthorized disclosure of client confidences and privileged communications.

For the reasons discussed below, this Court finds Stegawski's arguments unavailing. Accordingly, Stegawski's Motion to Quash Subpoena or for the Entry of a Protective Order is DENIED.

### II. Analysis

In his motion, Stegawski asks the court to do each of the following: (i) invalidate the Rule 45 subpoena because it was not personally served on Stegawski; (ii) quash the subpoena

and enter a protective order preventing the Parties from deposing Stegawski; (iii) grant Stegawski an award of attorney's fees; and (iv) assess sanctions jointly upon Pence and his legal counsel. To the extent these requests merit consideration, the Court addresses them in turn.

### A. *Stegawski's Request to Invalidate the Subpoena Based on Improper Service*

As an initial matter, Stegawski contends that the subpoena is invalid because it was not personally served. To be sure, neither the Commission nor Pence personally served Stegawski with the subpoena—but not for lack of trying. The Commission "made 14 unsuccessful attempts to personally serve Stegawski with a *subpoena ad testificandum* at five different locations" in three cities and two states. *SEC v. Pence*, No. 15-cv-7077-GBD-GWG, at *2 (S.D.N.Y. Sep. 28, 2017). And Pence's counsel contacted Stegawski multiple times by email and phone to arrange for personal service. *Id.* at 4–5. Ultimately, Judge Gorenstein—after a thorough evaluation of past and present case law—granted the Parties' joint request to permit substituted service using Stegawski's contact information listed on his CM/ECF account and in the Georgia and Florida bar directories. *See id.* at 10–11. The Court accurately concluded "that there is virtually no possibility that Stegawski will fail to be aware of a subpoena served by these means." *Id.*

Indeed, Stegawski concedes in his motion that he "undeniably has actual notice of the subpoena" and "does not dispute either that service was attempted or that he is aware of the subpoena." (Stegawski Mot. 17.) He also admits that courts in the Eleventh and Second Circuits have accepted substituted service of subpoenas. *See, e.g., In re Falcon Air Express, Inc.*, Case No. 06–11877–BKC, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008) (holding that substitute service of a subpoena is effective on a non-party witness under Rule 45); *Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, No. 06-cv-13516-VM-THK, 2008 WL 3833238, at *3 (S.D.N.Y. Aug. 15, 2008) (permitting substituted service of "a deposition subpoena, by delivering a copy of the subpoena to his place of employment, mailing a copy by first class mail, and attaching a copy of this Order to the subpoena").

Yet, astonishingly, Stegawski still contends that this Court should overturn Judge Gorenstein's well-reasoned Order, vitiate the prior service, and compel the Parties to start from scratch. He roots this conclusion in a pedantic policy argument that if courts permit substituted service on lawyers using contact information listed on CM/ECF and state bar directories, "the result would be that an attorney's CM/ECF registration with a federal court or state bar registration would effectively function as a waiver of all service of process in judicial proceedings." (Stegawski Mot. 17.)

While sympathetic to Stegawski's "slippery slope" theory, the Court is confident that judicial restraint will limit this method of substituted service to those rare and exceedingly burdensome situations where a nonparty-attorney-witness unexplainably cannot be *located*—much less *personally served*—after 14 attempts.[1] Requiring the Parties to reinitiate personal service efforts at this juncture would do nothing but waste time and resources—something Stegawski has already accomplished in spades. Accordingly, the Court denies Stegawski's request to invalidate the subpoena for improper service.

### B. *Stegawski's Motion to Quash the Subpoena and Enter a Protective Order*

Stegawski asks this Court to quash the Rule 45 subpoena compelling his deposition. He contends that forcing him to testify will result in the disclosure of confidential and privileged attorney-client information.

---

[1] Indeed, this Court echoes the sentiment Judge Gorenstein expressed in footnote six of her Order:

> *The Court was surprised and disappointed that Stegawski refused to consent to alternative service or to suggest any manner in which he can be served. Indeed, it seems entirely inconsistent with his status as an officer of the Florida and Georgia courts and as an officer of the federal courts in Florida and Georgia where he is admitted. An attorney should understand that the "duty to avoid unnecessary expenses of serving" a summons as articulated in Fed. R. Civ. P. 4(d)(1) should inform an attorney's own conduct even where Rule 4 does not apply.*

*Pence*, No. 15-cv-7077-GBD-GWG, at *9 n.6.

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Those Rules stipulate that a court may issue a protective order preventing a deposition only for "good cause." Fed. R. Civ. P. 26(c)(1). The federal courts employ a demanding balancing-of-the-interests approach when deciding whether there is good cause to issue a protective order. *See Farnsworth*, 758 F.2d at 1547. Specifically, "the Court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result." *Paxton v. Great Am. Ins. Co.*, 2009 WL 5064054 at *6 (S.D. Fla. 2009). "The burden is on the moving party and when the relief sought is preclusion of a deposition altogether, it is a heavy one." *Ivax, LLC. v. Celgene Corp.*, No. 12-61917-CIV, 2013 WL 12085477, at *3 (S.D. Fla. July 29, 2013) (citing *Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005)). Ultimately, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

Here, Pence has raised the "advice of counsel" defense, requiring him to prove that "(1) he fully disclosed to his attorney all material facts that are relevant to the advice for which he consulted the attorney; and (2) thereafter, he relied in good faith on advice given by his attorney." *United States v. Hill*, 643 F.3d 807, 850 (11th Cir. 2011). Pence stated in his deposition that "he could not recall what specifically he told Bartko or Stegawski" but "insisted that . . . he 'would have' told them everything that he knew." (Pl.'s Resp. 3 (citing Pilgrim Decl. ¶ 4 (quoting Pence Dep. 253:19–254:22; 314:14–315:2; 319:20–320:24)).)

To be sure, Stegawski asserts in his Declaration that Pence failed to make a complete disclosure of the relevant facts necessary to prevail on his "advice of counsel" defense. But as the Commission notes, Stegawski's Declaration "may not be admissible at trial." (Pl.'s Resp. 6, n.5.) Regardless, the Commission and Pence still have much to gain—or lose—by questioning Stegawski, testing the veracity of certain statements, and developing a more fulsome understanding of the allegedly fraudulent conduct at issue. (*See id.* (arguing that there "is no

4

substitute for a deposition at which Stegawski will be subject to cross-examination by counsel for both parties").) In short, the Parties' interest in obtaining complete and detailed discovery would be irredeemably impaired by the issuance of a protective order.

Additionally, Stegawski has failed to demonstrate that any real harm would result from the deposition. His motion provides little more than a summary of confidentiality and privilege rules combined with conclusory assertions that his testimony would violate those rules. The Court does not minimize the profound responsibility of attorneys to guard the attorney-client privilege and preserve client confidences. But in this case, Stegawski's testimony pertains to such a limited universe of potential clients that his burden of identifying and preserving confidential information and privileged communications is far outweighed by the harm to both Parties if they cannot depose Stegawski.

Indeed, the Commission points out that General Employment Enterprises—Stegawski's only relevant former client who has not already waived privilege and confidentiality affirmatively (Pence)[2] or by dissolution (PSQ)[3]—presented Stegawski with an opportunity to discuss his concerns about disclosing confidential information or privileged communications stemming from his representation of General Employment Enterprises, as well as the possibility that General Employment Enterprises might waive applicable privileges. (Pilgrim Decl. ¶ 3.) General Employment Enterprises agreed to further alleviate Stegawski's concerns by having its own counsel present at the deposition. (*Id.*)

Remarkably, Stegawski responds that "[w]hat the [Securities and Exchange Commission] does not understand is that neither Stegawski nor [General Employment Enterprises] have any affirmative duty to [negotiate]." (Stegawski Reply 5.) This may be true—Stegawski may have no

---

[2] (*See* D.E. 1-6 (Transcript of Hearing, *SEC v. Pence*, No. 15-cv-7077-GBD (S.D.N.Y. Aug. 8, 2017)).)

3 Because PSQ is no longer active, it has no privilege to assert. *See In re Fundamental Long Term Care, Inc.*, No. 8:11-BK-22258-MGW, 2012 WL 4815321, at *8 (Bankr. M.D. Fla. Oct. 9, 2012) (holding, as other courts have held, "that a dissolved corporation does not have the right to assert the attorney-client privilege"); *see also SEC v. Carrillo Huettel LLP*, 2015 WL 1610282, at *2–3 (S.D.N.Y. Apr. 8, 2015) (finding that "[t]he weight of the authority . . . holds that a dissolved or defunct corporation retains no privilege" and that cases holding otherwise "generally do so on the basis of state law").

5

obligation to negotiate a waiver or engage in good faith efforts to mitigate the disclosure risk he belabors. But Stegawski's refusal to pursue an available solution—one that would seemingly eliminate his confidentiality and privilege concerns—gives the Court pause about his motives for trying to avoid this deposition. Motives aside, Stegawski provides no legally sufficient justification for quashing the subpoena or entering a protective order. The Court therefore denies Stegawski's motion requesting such relief.

### C. *Stegawski's Request for an Award of Attorney's Fees*

Stegawski asks the Court for "an award of fees for the expense incurred in bringing this motion . . . ." (Stegawski Mot. 18.) However, this Court does not subsidize self-induced harm. *See Royale Green Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 07-CIV-21404, 2008 WL 11333557, at *1 (S.D. Fla. June 12, 2008) (criticizing an individual's "audacity in requesting attorneys' fees for a situation" of his own making). Thus, the Court denies Stegawski's request for attorney's fees.

### D. *Stegawski's Request for Sanctions Upon Pence and His Counsel*

Also vexing is Stegawski's suggestion that the Court sanction Pence and his attorney for—in essence—mounting a defense. Stegawski—who spends the bulk of his page limit trumpeting professional responsibility and the fundamental principles of privilege and confidentiality—condemns Pence's counsel for an equally fundamental responsibility: vigorous advocacy. The Court has trouble reconciling those two positions. Accordingly, Stegawski's request that the Court assess sanctions upon Pence and his attorney is denied.

### III. Conclusion

For the reasons discussed above, the Court finds that Stegawski is entitled to *none* of the relief he seeks. Specifically, Stegawski cannot recover on his motion: (i) to invalidate the subpoena for improper service; (ii) to quash the subpoena or for the entry of a protective order; (iii) for attorney's fees; or (iv) for sanctions upon Pence and his attorney. Accordingly, it is

6

**ADJUDGED** that Stegawski's Motion to Quash Subpoena or for the Entry of a Protective Order (D.E. 1) is DENIED. All pending motions are DENIED as moot. The Clerk of Court shall mark this case as CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record